UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THEODORA WILLIAMS et al., | : |
| | : |
| Plaintiffs, | : Civil Action No. 12-180 (SRC) |
| v. | : **OPINION** |
| CITY OF PERTH AMBOY et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court upon the motion to dismiss the Complaint filed by Defendants City of Perth Amboy, David Formeza, Isaias Vasquez, and Ralph Rosario (collectively, "Defendants"). For the reasons set forth below, the motion, now converted to a motion for summary judgment, will be granted, and judgment will be entered in Defendants' favor.

Briefly, this case arises from the arrest of Plaintiffs Theodora Williams and Latesha Hardeman on November 23, 2009. Plaintiff Theodora Williams ("Williams") filed a Complaint on November 30, 2011 in the Superior Court of New Jersey. The case was removed to this Court on January 10, 2012. On December 19, 2012, Williams filed an Amended Complaint which added her daughter, Latesha Hardeman, as a Plaintiff. On January 15, 2013, Defendants filed a motion to dismiss the complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court, having considered the briefs submitted upon

completion of briefing, determined that the parties' briefs relied on matters outside the pleadings, and Ordered that the motion to dismiss be converted to a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d). The parties were allowed to submit supplementary briefs related to the conversion, which they did.

Defendants moved to dismiss the Amended Complaint on the ground that the claims are barred by a two-year statute of limitations. Plaintiffs concede both that a two-year statute of limitations applies to their claims, and that this action was not brought within the two-year period. Plaintiffs contend, however, that the limitations period should be tolled on equitable grounds. Plaintiffs make three points: 1) the filing missed the limitation period by only seven days; 2) there can be no prejudice to the defense from such a small delay; and 3) Plaintiff was not at fault for the delay but, rather, the prior attorney missed the deadline as a result of disability. In support of the third point, Plaintiff offers the affidavit of her former attorney, Ida Cambria, who states that she did nothing to pursue the case for a long time because she was preoccupied with personal problems. The undisputed evidence before this Court thus shows that the limitations period was missed because of attorney neglect.

It is on this foundation that Plaintiff asks this Court to toll the running of the limitations period on equitable grounds. The parties agree that this Court should apply New Jersey's law of equitable tolling. "With regard to . . . statutes of limitations, our case law reveals that the doctrine of equitable tolling of limitations periods has been applied only in narrowly-defined circumstances." R.A.C. v. P.J.S., Jr., 192 N.J. 81, 100 (2007). The clearest summary of New Jersey's law of equitable tolling appears in Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 312-313 (N.J. Super. Ct. App. Div. 2007) (citations omitted):

> Equitable tolling has generally been applied in three circumstances:
>
> (1) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass[;]
> (2) where a plaintiff has in some extraordinary way been prevented from asserting his rights[;] and
> (3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.
>
> Absent a showing of intentional inducement or trickery by a defendant, the doctrine should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice. As required by the doctrine of substantial compliance, equitable tolling requires plaintiffs to diligently pursue their claims because although it affords relief from inflexible, harsh or unfair application of a statute of limitations, it does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims.

In the instant case, Plaintiff has not asserted adversary misconduct or mistake. The question, then, is whether equitable tolling is justified under the second prong: was Plaintiff prevented from asserting her rights in some extraordinary way?

Plaintiff points to no decision in which a standard for what constitutes "some extraordinary way" is set forth. Defendants cite D.D. v. University of Med. & Dentistry of New Jersey, 213 N.J. 130, 148 (2013), a case which, though not exactly on point, deals with the construction of a statutory provision, N.J.S.A. § 59:8-9, which allows equitable tolling of the tort notice of claim requirement under "extraordinary circumstances." The New Jersey Supreme Court discussed the question of whether attorney inattention to filing deadlines constitutes an extraordinary circumstance which justifies equitable tolling and held, unambiguously: "we cannot agree that an attorney's inattention to a file, or even ignorance of the law, equates with extraordinary circumstances for tort claims purposes." Id. at 156. Although this decision dealt with construction of statutory language not at issue in the instant case, the issues are sufficiently

3

similar that this Court is satisfied that the New Jersey Supreme Court would apply this reasoning to answer the question presently before this Court. Since D.D. addressed a question of whether attorney inattention justified equitable tolling of a limitation period for a tort claim as an extraordinary circumstance, the similarity in the issues involved supports this inference.

Furthermore, as stated in Binder, New Jersey courts require a plaintiff to exercise reasonable diligence in pursuing her claims when asking for equitable tolling of a limitation period. The record before this Court contains no evidence that Plaintiff exercised reasonable diligence. To the contrary, the record shows that Plaintiff Williams took no action for seventeen months after having retained her prior counsel. Plaintiff Williams does not even claim, in her opposition brief, that she took any action between the time that she retained prior counsel and the time, long after, that the Complaint was filed. (See Pls.' Opp. Br. 6.) There is no evidence to support a finding that Plaintiff Williams exercised the reasonable diligence in pursing her claims that New Jersey law requires of one who seeks equitable tolling. As the New Jersey Appellate Division observed in Binder (quoting Harrington v. Heder, 109 N.J. Eq. 528, 534, 158 A. 496 (E. & A.1931)): "[E]quity does not aid one whose indifference contributed materially to the injury complained of."

Plaintiff has failed to present any evidence from which a reasonable finder of fact could conclude that the delay in filing was due to adversary misconduct or mistake, or that she was prevented from filing within the limitation period in some extraordinary way. Nor has she offered evidence to support a finding that she exercised reasonable diligence in pursuing her claim. Rather, she has only pointed to attorney neglect, which New Jersey courts have not considered sufficient to justify equitable tolling. Plaintiffs have failed to persuade this Court that

this case falls within the narrowly-defined circumstances in which New Jersey courts would apply equitable tolling to ameliorate the harshness of a statute of limitations bar.

In the supplementary briefing, Plaintiffs argued that summary judgment should not be granted because disputed factual issues preclude the entry of judgment as a matter of law. Plaintiff, however, has failed to point out any material factual disputes. The parties agree that, as a factual matter, Plaintiff filed outside of the limitation period because of attorney neglect. The only disputed matter is a legal one: do these undisputed facts justify equitable tolling of the limitation period? As explained above, they do not. The motion to dismiss, now converted to a motion for summary judgment, will be granted. Plaintiffs' claims are barred by the statute of limitations. Judgment on all claims in the Amended Complaint will be entered in Defendants' favor.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: May 29, 2013